UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 2 7 2012 ★

LONG ISLAND OFFICE

LAFLEUR BOYEA on behalf of himself and
all other similarly situated consumers

               Plaintiff,

       -against-

THE LAW OFFICES OF ROSS GELFAND, LLC

               Defendant.

SUMMONS ISSUED

CV-12 5818

J. ORENSTEIN, MJ

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Lafleur Boyea seeks redress for the illegal practices of The Law Offices of Ross Gelfand, LLC in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Roswell, Georgia.

-1-

6.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Lafleur Boyea

10.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.  On or about August 21, 2012 Defendant sent a collection letter communicating to the least sophisticated consumer that the communication came from a law firm. Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 2005 U.S. Dist. LEXIS 8472 (E.D.N.Y. 2005). (computer generated "mass mailing" of tax season settlement letter on a law firm letterhead lacking any disclaimer and without an attorney conducting any meaningful review states a claim for relief under Section 1692e(3).), Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011) (Same), Cordes v. Frederick J. Hanna & Assocs., P.C., 789 F. Supp. 2d 1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011) (same) The FDCPA prohibits the use of any "false, deceptive, or misleading representation or

means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a

non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription,

including "the false representation or implication that [a] communication is from an

attorney." Id. § 1692e(3).

The Second circuit has held that a debt-collection letter from a law firm or lawyer

violates Section 1692e(3) if an attorney was not "directly and personally involved" with

the debtor's account — such as by reviewing the debtor's file — before the letter was

sent. Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir. 1993), See, e.g., Taylor v.

Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997), Avila v.

Rubin, 84 F.3d 222, 229 (7th Cir. 1996), Martsolf v. JBC Legal Grp., P.C., No. 1:04-

CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008), Sonmore v. Checkrite

Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.), See also

Suquilanda v. Cohen & Slamowitz LLP ., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011).

("Absent any disclaimer and without an attorney conducting any meaningful review,

using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)."

The Second Circuit confronted similar facts in Clomon. There, the attorney Defendant

approved the form of dunning letters sent by a collection agency and also "approved the

procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have

any specific involvement with each debtor's account, however, such as reviewing the

debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that

the challenged letters, despite bearing the Defendant attorney's signature, violated

Section 15 U.S.C. 1692e(3) because, although literally "from" an attorney, they "were

-3-

not 'from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila,
84 F.3d at 229. The same result is obtained here.

12.    Although The Law Offices of Ross Gelfand, LLC. may technically be a law firm, it was
not acting in the capacity of a law firm with respect to the said letters. The inclusion of
"Law Offices" is therefore materially deceptive and misleading in that it communicates
to the least sophisticated consumer that the communication came from a law firm in a
practical sense, when it did not.

13.    If The Law Offices of Ross Gelfand, LLC. desires to take advantage of the additional
collection leverage provided by the use of a law firm's name in connection with purely
debt-collection related activities, it is free to do so under the law of the Second Circuit
so long as its each and every one of its standardized communications including letters
and voice mail messages do not give the least sophisticated consumer the impression
that the communications are from an attorney or law firm in the practical sense.
See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993), See e.g Gonzalez v.
Kay, 577 F.3d 600 (5th Cir. 2009). ("Debt collectors acting solely as debt collectors must
not send the message that a lawyer is involved, because this deceptively sends the
message that the 'price of poker has gone up."), See also Sparkman v. Zwicker &
Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). (The court found that the collector's
letter with text on the front and back regarding attorney involvement was confusing to
the least sophisticated consumer and violated § 1692e.), Suquilanda v. Cohen &
Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011). ("Absent any disclaimer
and without an attorney conducting any meaningful review, Using a "Law Office"

-4-

Letterhead States a Claim for Relief under Section 1692e(3)".)

14.   The Defendant printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendant and which Defendant acquired after such obligation or alleged obligation was charged-off or was in default.  A true and correct copy of Defendant's communication is attached hereto.

15.   Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

16.   Defendant mails, or causes the mailing of, thousands of collection letters like the one sent Plaintiff without conducting any meaningful review of the accounts.

17.   The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

18.   The said letter is a standardized form letter.

19.   Defendant violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for indicating that the communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

-5-

20.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty (20) as if set forth fully in this cause of action.

21.    This cause of action is brought on behalf of Plaintiff and the members of a class.

22.    The class consists of all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to owed to American Honda Finance; and (b) that the collection letter used an attorney letter head which represented that the letter was sent from a law firm in a practical sense but which failed to qualify that the debt had not been reviewed by an attorney (c) the letter was sent concerning the seeking payment of an alleged debt and was not returned or undelivered by the post office; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

23.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

       (a)    Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

       (b)    There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

-6-

(c)     The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members).  This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)     The claims of the Plaintiff are typical of those of the class members.  All of the respective class claims are based on substantially similar facts and legal theories.

(e)     The Plaintiff will fairly and adequately represent the class members' interests.  The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

24.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

25.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26.     Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

27. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

28. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
November 21, 2012

Adam J Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

-8-

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

*Law Offices*
*Of*

Ross Gelfand

# ROSS GELFAND, LLC

MAILING ADDRESS:
PO Box 1870
Roswell, Georgia 30077
Writer's Email: rgelfand@rgelfand.net

1265 Minhinette Drive, Suite 150
Roswell, Georgia 30075
www.collectionfirm.net

Phone: (770) 840-8482
Fax (770) 840-8575

August 21, 2012

Our Client:     AMERICAN HONDA FINANCE
Account Name:  LAFLEUR BOYEA
RG:            12012695
Amt: Principal:  $18,273.27        Accrued Interest: $.00        Total Balance: $18,273.27

### YOUR IMMEDIATE ATTENTION IS REQUIRED!!!!!

Our client feels you are an Honest Individual who is currently in a tight financial situation. We have been authorized to offer you three (3) types of arrangements to choose from. Please mark an (x) in the box next to the arrangement you have chosen and enclose your first payment.

    (   ) 30% down payment and (6) equal installments on the balance
    (   ) Three (3) equal installments on the balance.
    (   ) Four (4) equal installments on the balance
    (   ) A Settlement which will save you $$$ off the balance. (Contact our office for details.)

This offer is extended to you as a courtesy to help you resolve your obligation to our client. Your cooperation would be appreciated.

For your convenience we accept Visa, MasterCard and American Express.

This communication is from a debt collector. THIS IS AN ATTEMPT TO COLLECT A DEBT. All information obtained will be used for that purpose.

Sincerely,

The Law Office of Ross Gelfand, LLC

New York City Department of Consumer Affairs # 1133281.

---

***Detach Lower Portion and Return with Payment***

CCLGELF01DDPA



CLGELF01
PO Box 1022
Wixom MI  48393-1022
ADDRESS SERVICE REQUESTED

Our Client:      AMERICAN HONDA FINANCE
Account Name:   LAFLEUR BOYEA
RG:             12012695
Total Balance:  $18,273.27

August 21, 2012

12012695-DDPA        856507494

LAFLEUR BOYEA
 337 Lenox Rd Apt 6C
Brooklyn NY 11226-2267

**MAIL ALL CORRESPONDENCE TO:**
LAW OFFICES OF ROSS GELFAND, LLC
PO Box 1870
Roswell  GA  30077-1870